IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANGEL ADALBERTO ALANIS, <br> *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 7:25-CV-00393 |
| PABLO PEDROZA, <br> *Defendants*. | § § § | |

**DEFENDANT PABLO PEDROZA'S UNOPPOSED MOTION TO STAY**

Defendant Pablo Pedroza moves to stay all deadlines, discovery, and proceedings and to vacate the Court's Order for an initial pretrial conference (ECF No. 16), pending the resolution of his Motion to Dismiss asserting qualified immunity (ECF No. 20). In support thereof, Defendant respectfully offers the following:

## I.   BRIEF IN SUPPORT

The Fifth Circuit recently addressed immunity issues and pretrial procedure directly in *Carswell v. Camp*. 54 F.4th 307 (5th Cir. 2022). The defendant-appellees in *Carswell* filed a dispositive motion in the lower court, asserting qualified immunity, and moved to stay all proceedings and discovery. *Id.* at 309. The district court sidestepped qualified immunity and denied the motions to dismiss without prejudice, authorized limited discovery, denied the motions to stay, and entered a scheduling order. *Id.* at 309-10. The defendant-appellees appealed the entry of the scheduling order prior to a ruling on qualified immunity. *Id.* at 309.

The Fifth Circuit reaffirmed in *Carswell* that "[j]urisdiction is always first," and that immunity issues should be determined "at the earliest possible stage of the litigation." *Id.* at 310 (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) and *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021)). The dispositive motion "was the earliest possible opportunity for the district court to resolve the immunity question." *Id.* at 311. Proceeding instead to enter a scheduling order was not

1

only an abuse of the district court's discretion but was also immediately appealable. *Id.* at 310-11. To avoid any confusion, the Fifth Circuit directly clarified that previous precedent permitting any discovery in the face of an immunity-based dispositive motion, even if "narrowly tailored" or by "careful procedure," is now overruled. *Id.* at 311-12 (referencing *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012) and *Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987)).

The Fifth Circuit also expressly addressed the extent of the mandatory stay of discovery when an immunity-based motion to dismiss is pending. *Id.* at 313-14. Courts may not simply issue a stay limited to parties, capacities, or claims involving an assertion of immunity, and permit discovery to proceed for the remainder: *Id.* at 311-12.

> It is no answer … to say that discovery can be deferred for petitioners while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). The Fifth Circuit ruled out forcing immunity-asserting defendants to participate even collaterally in such "minimally intrusive discovery." *Id.* The Fifth Circuit further noted that bifurcation of discovery in such a manner "would radically complicate the case," and "imposes unreasonable burdens on the defendants." *Id.* at 314. When faced with an immunity-based dispositive motion, ALL discovery must be stayed pending disposition of the motion.

In the Motion to Dismiss pending before the Court, Defendant asserts his entitlement to qualified immunity. Defendant therefore asks the court to stay all deadlines, discovery, and proceedings and to vacate the Order for an initial pretrial conference (ECF No. 16) until there has been a ruling on his Motion to Dismiss and the immunity defense asserted therein. *See Carswell*, 54 F.4th at 313; *Coones v. Cogburn*, No. 1023-cv-90, 2022 WL 3701173, at *3 (N.D. Tex. Aug. 26, 2022)

("Because the Court has not yet decided whether [plaintiff] has alleged facts in her complaint to overcome the qualified-immunity defense as to each defendant, under *Carswell*, the outcome is clear: no discovery can be permitted at this stage."); *Congious by & through Hammond v. Shaw*, No. 4:22-CV-00092, 2024 WL 3434571, at *6 (N.D. Tex. July 16, 2024) ("As the Fifth Circuit made clear, an assertion of qualified immunity in a motion to dismiss requires the district court to stay all discovery until after resolution of the qualified immunity question.")

## II.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court stay all deadlines, discovery, and proceedings and vacate the Order for an initial pretrial conference (ECF No. 16), pending the resolution of his Motion to Dismiss asserting qualified immunity (ECF No. 20).

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Division Chief
Law Enforcement Defense Division

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General
Texas State Bar No. 24128875
Southern District Bar No. 3921742
Emily.barnes@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL

3

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9893 (Fax)

**ATTORNEYS FOR DEFENDANT
PABLO PEDROZA**

Case 7:25-cv-00393   Document 23   Filed 11/20/25 in TXSD   Page 4 of 5

## CERTIFICATE OF CONFERNECE

I, **EMILY BARNES**, Assistant Attorney General of Texas, do hereby certify that on November 19, 2025, I conferred with Plaintiff via E-mail regarding this motion, and he is unopposed.

## CERTIFICATE OF SERVICE

I, **EMILY BARNES**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served via United States Mail, Certified Return Receipt Requested, within one business day of November 20, 2025, addressed to:

| | |
|---|---|
| **Angel Adalberto Alanis**<br>1107 N. Bethel St.<br>Roma, Texas 78584<br>Phone: (956) 379-8874<br>Email: a4alaniz@gmail.com | CMRRR: 7021 2720 0002 0444 0285 |

**PLAINTIFF** *PRO SE*

                                                  */s/ Emily Barnes*
                                                  **EMILY BARNES**
                                                  Assistant Attorney General