**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **ANGEL ADALBERTO ALANIS JR** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 7:25-cv-00393** |
| | § | |
| **PABLO PEDROZA, et al** | § | |
| **Defendants.** | § | |

**HIDALGO COUNTY DISTRICT ATTORNEY TERRY PALACIOS'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT DUE TO LACK OF SUBJECT MATTER
JURISDICTION OR ALTERNATIVELY FOR FAILURE TO STATE A
<u>CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Defendants Hidalgo County District Attorney Toribio "Terry" Palacios (in his official capacity) respectfully file this Motion to Dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because this motion has been timely filed, the deadline for Defendant's answer to Plaintiff's complaint is tolled until 14 days after the court rules on this motion, pursuant to Rule 12(a)(4) of the Federal Rule of Civil Procedure. In support of this motion, Defendants would show the court the following:

## I.    INTRODUCTION

**A. Identification of Parties**

1.    Plaintiff's Second Amended Complaint was filed on November 21, 2025 and alleges civil rights violations arising from his August 31, 2023 arrest and subsequent prosecution, and seeks redress under 42 U.S.C. §1983.

2.    Plaintiff names Hidalgo County Criminal District Attorney Terry Palacios (in his official capacity) and an unknown Assistant District Attorney for Hidalgo County as Defendants. All

1

references to "Defendants" or "Prosecutor Defendants" in this motion refer to Hidalgo County District Attorney Terry Palacios and any Assistant District Attorney. ECF 45 at 13-14.

3.      Defendant Terry Palacios asserts that Plaintiff's reference to unidentified Assistant District Attorney is improper given that the statute of limitations has expired. The Fifth Circuit has endorsed the proposition: "[A]n amendment to substitute a named party for a 'John Doe' defendant...should not be allowed" to "relate back" under Federal Rule of Civil Procedure Rule 15(c)(3). *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). *See also* as persuasive authority unreported case of *Nicholas Heckford v. City of Pasadena*, 2021 WL 2517405 (S.D. Tex. 2021). The statute of limitations for a claim under §1983 is the state's statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 241 (1989). The personal injury statute of limitations in Texas is two years. Tex. Civ. Prac. & Rem. Code §16.003. Plaintiff states that his claims against the Assistant District Attorney accrued on February 1, 2024. ECF 45 at 14. Therefore, the latest date on which he could amend his petition to name the unidentified Assistant District Attorney defendant was February 1, 2026. Tolling of the statute of limitations is inapplicable to Plaintiff's unidentified Assistant District Attorney if the real defendant's name is substituted after the statute of limitations. *Balle v. Nueces County*, 952 F.3d 552 (5th Cir. 2017).

4.      Finally, Plaintiff names Trooper Pablo Pedroza and Supervisor Alberto Moreno, both with the Texas Department of Public Safety, as Defendants in their individual capacities. ECF 45 at 13.

**B. Factual Allegations**

5.      Plaintiff generally complains about a Texas Department of Public Safety Trooper Pedroza's traffic stop and corresponding criminal charges that have been dismissed by the District Attorney's office's own motion. Plaintiff claims, pursuant to 42 U.S.C. § 1983, violations of

Plaintiff's Fourth Amendment rights against unreasonable search and seizure, unlawful arrest, and malicious prosecution, a Fourteenth Amendment substantive due process claim. ECF 45 at 12.

6.    Plaintiff alleges that on January 20, 2023, Defendant Trooper Pedroza initiated an unlawful traffic stop of Plaintiff's vehicle in Hidalgo County Texas, resulting in arrest and detention in jail from January 20, 2023 to January 30, 2023.  ECF 45 at 12, 14-21 and 23.  Plaintiff asserts that Pedroza employed a systematic pattern of fabrication of evidence to manufacture probable cause for the traffic stop, search and seizures conducted during the traffic stop, and for the subsequent arrest and detention as well as these actions being subsequently approved by his supervisor. ECF 12, 14-22.  In what appears to be an effort to corroborate these assertions, Plaintiff references a time period between 2017 and 2025 wherein a number of individuals, completely unrelated to the case at hand, allegedly were the subject of traffic stops conducted by Trooper Pedroza, some of which involved criminal prosecution filings, which Plaintiff claims constitute systematic patterns of fabrication of evidence orchestrated by Trooper Pedroza and subsequent approval by his Supervisor.  ECF 45 at 23-44.

7.    Plaintiff similarly complains about the DA's office in the context of these unrelated individuals and unrelated events from 2017 to 2025.  ECF 45 at 23.  Plaintiff claims that the DA's office through "Municipal Custom", prosecuted these unrelated cases for eight years despite repeated dismissals and declinations and asserts this action evidently proves a "Blind Filing" custom.  ECF 45 at 23.

8.    Plaintiff asserts that Plaintiff's arrest of January 20, 2023, and subsequent detention, along with Trooper Pedroza's police reports and probable cause affidavit were submitted to the DA's office for review and charging decisions.  ECF 45 at 41.  Plaintiff claims that upon receipt of the

charges, the DA's Office had adequate time to investigate the factual basis for the charges, including through its request and review of video evidence, verification of legal status of seized substances, consult prior cases involving Pedroza and cross-referencing report language against other prosecutions. ECF 45 at 41-43.

9.      Plaintiff attempts to supports his assertions by providing various cases which he asserts corroborate his complaints against the DA's Office and its alleged practice of accepting Pedroza cases containing verbatim boilerplate scripts and tactics. ECF 45 at 41.

10.     Plaintiff opines that the unrelated Pedroza cases somehow constituted notice to Defendants of systemic problems with Trooper Pedroza's probable cause assertions against Plaintiff. ECF 45 at 41. Plaintiff claims that notwithstanding such alleged notice, the DA's office filed charges against Plaintiff pursuant to its custom of filing without analyzing the evidence to verify its validity. ECF 45 at 41-42. Plaintiff asserts that the DA's office mechanically incorporated Pedroza's reports and probable cause affidavit into the charging instrument without independent verification. ECF 45 at 42-43.

11.     Plaintiff makes the conclusory statement that no charges would have been filed by the DA's Office against Plaintiff, if DA's Office had reviewed certain information related to Plaintiff's traffic stop. ECF 45 at 41-48. Plaintiff asserts that the DA's Office filed the charge "despite laboratory results identifying one seized substance as loperamide." ECF 45 at 42. However, Plaintiff fails to disclose that the laboratory results revealed that he was in possession of both bromazepam, for which he was charged under a separate complaint, and methylphenidate. The listing of loperamide on the complaint at issue, rather than methylphenidate, should best be understood as a clerical error not rising to the level of a violation of his constitutional rights.

4

Plaintiff further dictates or theorizes that prior to charging Plaintiff, the DA's office should have conducted elaborate types of investigations into Trooper Pedroza to include officer-credibility tracking against all of Pedroza' prior cases, cross-case pattern analysis of prior Pedroza cases, implementation of a drug substance verification protocol, and independent verification of Trooper Pedroza's investigation.  ECF 45 at 41-48.

**C. Standard of Review**

12.     In ruling on a motion to dismiss for failure to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In Re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  Courts have held that "[t]o pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016), *citing Bell Alt. Corp. v. Twombly*, 550 U.S. 544 at 555-56. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[C]onversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Twombly*, 550 U.S. at 558 (internal quotations omitted). Such an evaluation should be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Because the facts alleged in

the complaint fail to support a reasonable inference of liability, Defendants are entitled to dismissal of Plaintiff's complaint.

## II.    PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE SUBJECT TO DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Defendant Terry Palacios is Entitled to Sovereign Immunity in His Official Capacity

13.    Defendant Palacios, sued in his official capacity as the Hidalgo County District Attorney, is a state official entitled to Eleventh Amendment and sovereign immunity from suit. Plaintiff's allegations do not provide any basis to assert, with respect to Defendant Palacios, the *Ex parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor can Plaintiff make any such proper allegation. Plaintiff's claims against Defendant Palacios in his official capacity should therefore be dismissed for lack of subject matter jurisdiction.

14.    Defendant Palacios occupies a constitutionally established position within the Judicial Department of the State of Texas. *See* Tex. Const. art. V, sec. 21; Tex. Cod of Crim. Proc. Art. 2.01 (providing that each district attorney shall represent the State in all criminal cases in the district courts of their district); Tex. Gov't Code sec. 44.208 (providing that the criminal district attorney of Hidalgo County shall perform the duties of district attorney in all the judicial districts in Hidalgo County). When acting in the prosecutorial capacity to enforce state law, a district attorney is a state official, not an official of the county in which the case happens to be prosecuted. *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). As a State of Texas official, Defendant Palacios is generally entitled to sovereign immunity from suit. The Eleventh Amendment generally precludes suits against state officials in their official capacities. *Tex. Democratic Party v. Abbott*,

961 F.3d 389, 400 (5th Cir. 2020). The Fifth Circuit has consistently held that Texas district attorneys are protected by Eleventh Amendment immunity in bringing criminal charges. *See e.g., Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024), *Quiroz v. Hernandez*, 167 F.4th 254 (5th Cir. 2025).

15. There are three exceptions to the Eleventh Amendment's broad grant of immunity that allow for suits against states, state agencies, and state officials in federal court: (1) clearly stated waiver or consent to suit by the state; (2) valid abrogation by Congress; or (3) a state official's amenity to suit under the *Ex parte Young* doctrine. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Ex parte Young*, 209 U.S. 123 (1908). A state may explicitly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to be "certain that the State in fact consents to suit." *Sossamon v. Texas, et al.*, 563 U.S. 277, 284 (2011). Second, Congress may abrogate sovereign immunity through a clear expression of the intent to do so when it acts "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). Third, the equitable doctrine of *Ex parte Young* provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

16. Neither the State of Texas nor Defendant Palacios has waived his sovereign immunity from suit, and Plaintiff does not allege that Congress has abrogated immunity from Plaintiff's claims. The Supreme Court has held that §1983 did not abrogate states' Eleventh Amendment Immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This leaves only *Ex parte Young* as a possible avenue for Plaintiff to overcome Defendant Palacios' sovereign immunity. However, Plaintiff's claims do

not meet the requirements of the *Ex parte Young* exception because Plaintiff does not seek primarily prospective relief to remedy an ongoing violation of federal law.

17.     At its core, Plaintiff's case seeks redress for past wrongs. Plaintiff complains that he was injured by the Prosecutor Defendants when the Hidalgo County District Attorney's Office presented his case to the grand jury for indictment. Federal courts have consistently rejected claims for equitable relief by former criminal defendants based upon alleged unconstitutional conduct by the criminal justice system. *See, e.g. City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (dismissing on standing grounds plaintiff's claims for injunctive relief based upon police officers' use of chokehold in prior arrest); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283 (5th Cir. 1992) (dismissing on standing grounds claims for prospective relief by former prospective juror who was jailed for contempt after refusing on religious grounds to swear or affirm to tell the truth during voir dire); *Williams v. Davis*, 2023 WL 119452 (5th Cir. Jan 6, 2023) (dismissing on standing and Eleventh Amendment grounds claims by protestors who were tear gassed attempting to pass through a police barricade).   Because Plaintiff's claims are fundamentally an attempt to compensate him from alleged past wrongs, rather than seeking to end a continuing violation of federal law, his suit is barred by the Eleventh Amendment. The Supreme Court has held:

> Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.
>
> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true if the relief is expressly denominated as damages. It is also true if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else. On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

*Papasan v. Allain*, 478 U.S. 265, 278 (1986) (internal quotations and citations omitted). The criminal prosecution of which Plaintiff complains ended when the charges were dismissed on February 1, 2024, pursuant to Plaintiff's plea bargain in an unrelated case. ECF 45 at 14. Therefore, there is no *ongoing* violation of federal law of which he can complain. Plaintiff's claims for prospective relief are analogous to those of other criminal defendants complaining of alleged constitutional violations and should be dismissed pursuant to the immunity conferred by the Eleventh Amendment.

**B. Defendant Terry Palacios (in his official capacity) Is Not a "Person" Subject to Suit under 42 U.S.C. §1983.**

18.     Plaintiff asserts claims against Defendant Palacios in his official capacity under 42 U.S.C. §1983 pursuant to the theory of municipal liability. These claims fail because Defendant Palacios is a state official and therefore not a "person" for purposes of §1983.

19.     Congress enacted the provision now codified at 42 U.S.C. §1983 as part of the Civil Rights Act of 1871. It imposes liability on any *person* who, under color of state law, deprives a person within the jurisdiction of the United States of their constitutional rights. Obviously, Defendant Palacios is literally a person. However, a suit against a government official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Brandon v. Hold*, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

20.     The Supreme Court first held that a local governmental body can be a "person" subject to liability under §1983 in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To hold a local governmental body liable under the *Monell* framework, a plaintiff must point to a policy of

the municipality which was a "moving force" behind the deprivation of the plaintiff's federally-protected rights. *Kentucky v. Graham*, 473 U.S. at 166. In alleging municipal liability against Defendant Palacios, Plaintiff fails to state a claim upon which relief can be granted for a simple reason: under Texas law, a District Attorney is a *state* official, and *Monell* only extends liability under §1983 to *local* governmental bodies.

21.     A decade after *Monell*, the Supreme Court clarified the scope of its ruling, holding that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). The Fifth Circuit has held that §1983 litigation "requires us to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims." *Daves v. Dallas County, Texas*, 22 F.4th 522, 533 (5th Cir. 2022). This is determined by looking to state law. "For purposes of Section 1983 personhood, it is state law that determines whether an official with final policymaking authority as to the specific function involved in the litigation is acting for a local governmental unit or the state." *Id.* Texas law and binding precedent clearly establish that district attorneys act as agents of the state in carrying out their prosecutorial functions. *See* paragraph 11, *supra*. In *Arnone v. County of Dallas County, Texas*, the Fifth Circuit held that the Dallas County district attorney was acting as a policymaker for the state, not the county, when establishing a policy to seek revocation of probation if certain criminal defendants failed a polygraph test. 29 F.4th 262, 269-70 (5th Cir. 2022). The court stated:

> Texas law therefore points one way in this case: district attorneys act for the state when they decide to seek revocation of probation or deferred adjudication. A policy governing when to exercise that power in the future . . . is inextricably tied to that use of state power . . . Therefore, the Dallas County district attorney acted as a *state* policymaker when he decided or acquiesced to the polygraph policy in this case.

*Id*.

22.     The reasoning of *Arnone* is equally applicable in the present case. The decision whether to initiate criminal charges against a defendant is no less an exercise of state power than is the decision to seek to revoke a defendant's probation. The district attorney acts for the state in prosecuting criminal cases. Tex. Code Crim. Pro. Art. 2A.102. And the district attorney's "promulgating or acquiescing to a policy governing future uses" of the power to prosecute cases "is inextricably linked with his power . . . in individual cases." *Arnone* at 270. Plaintiff claims that his rights were violated as a result of policies and customs of the Hidalgo County District Attorney's Office. ECF 45 at 66. Even accepting his claims as true, Plaintiff fails to state a claim upon which relief can be granted because Defendant Palacios in his official capacity is a state official under Texas law and binding precedent, and is therefore not a "person" for purposes of §1983.

### III.     PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS ARE SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM

**A. Prosecutor Defendants Are Entitled to Absolute Prosecutorial Immunity**

23.     Defendant Terry Palacios presents this argument pursuant to his authority under Texas Local Government Code section 157.901, and without regard to the identity of the Assistant District Attorney in question.

24.     It is well-established that prosecutors are absolutely immune from liability under §1983 for actions undertaken within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Under the common law, this immunity extended to actions taken maliciously and in the absence of probable cause. *Id*. at 422; *see also Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (per curiam). In *Imbler*, the Supreme Court held that the immunity provided to prosecutors under §1983 was the same as that enjoyed at common law. *Id.* at 427. Subsequent case law has

sought to prescribe the precise outlines of that immunity. *See e.g., Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Plaintiff asserts that reviewing police reports before filing a criminal complaint constitute investigatory functions which entitle a prosecutor only to qualified immunity. ECF 45 at 41. Not only is this statement conclusory, and therefore not entitled to a presumption of truth, but it is contrary to established law. *Ashcroft v. Iqbal*, 556 U.S. at 681.

25.    As early as *Imbler*, courts recognized that the duties for which a prosecutor receives absolute immunity begin before the filing of formal charges, and include decisions to initiate a prosecution. 424 U.S. at 421 ("The function of a prosecutor that most often invites a common-law tort action is his decision to initiate a prosecution, as this may lead to a suit for malicious prosecution if the State's case misfires."). In *Buckley*, the Supreme Court reiterated that "the duties of the prosecutor in his role as an advocate for the State involve actions apart from the courtroom, and are nonetheless entitled to absolute immunity." 509 U.S. at 272 (internal citations omitted). The Court emphasized that acts "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or trial" "include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury" are entitled to absolute immunity. *Id.* at 273.

26.    These are exactly the kinds of acts Plaintiff complains of in this case. He alleges that an unknown prosecutor in the Hidalgo County District Attorney's Office "mechanically incorporated" Defendant Pedroza's report "without verification." ECF 45 at 42. When Plaintiff claims that the prosecutor "would have identified the verbatim identical language and patterns" described by Plaintiff's complaint, he is complaining of the prosecutor's "professional evaluation of the evidence assembled by the police." ECF 45 at 43; *see Buckley*, 509 U.S. at 273. When Plaintiff claims that the prosecutor "mechanically" incorporated the report "into the charging

instrument without independent verification," he is complaining of "acts undertaken . . .in preparing for the initiation of judicial proceedings." *Id*. And when Plaintiff claims that the prosecutor "affirmatively misrepresent[ed] evidence" in the charging instrument, he is complaining of actions analogous to the "manner of [the prosecutor's] presentation of evidence to the grand jury," which was immunized by *Imbler*. ECF 45 at 60; *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

27.     Because the actions of the Assistant District Attorney alleged by Plaintiff in his petition fall squarely within the scope of the attorney's prosecutorial duties, they are entitled to absolute prosecutorial immunity and Plaintiff's claims should be dismissed.

## V. CONCLUSION AND PRAYER FOR RELIEF

28.     As shown above, Prosecutor Defendants have set forth several bases upon which Plaintiff's Complaint fails to state a claim upon which relief may be granted or the court lacks jurisdiction over Plaintiff's claims. Each of these, standing alone, provides grounds for the court to dismiss Plaintiff's complaint. First, Plaintiff's claims against Defendant Palacios in his official capacity are barred by the Eleventh Amendment. Second, Defendant Palacios is not a "person" subject to liability under §1983 when sued in his official capacity. Third, the alleged actions of Prosecutor Defendants are protected by absolute prosecutorial immunity. Taken together, it is clear that Plaintiff's complaint fails to meet the minimal pleading standards of Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

THEREFORE, Prosecutor Defendants pray that this court dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and for any other relief to which Defendants may be entitled.

Respectfully submitted,

Office of Criminal District Attorney
**Toribio "Terry" Palacios**
100 N. Closner
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
(956)-292-7609 Telephone
(956)-292-7619 Facsimile

By: /s/ Leigh Ann Tognetti
       Leigh Ann Tognetti
       State Bar No. 24083579
       Federal ID No. 2817994
       leigh.tognetti@da.co.hidalgo.tx.us
       Raymond Benavides III
       State Bar No. 00796192
       Federal ID No. 346626
       ray.benavides@da.co.hidalgo.tx.us
       **ATTORNEYS FOR PROSECUTOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On March 20, 2026, Defendants' Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, which is intended to deliver notification of the filing to all counsel of record and parties. A copy of Defendant's Motion to Dismiss was also sent by regular U.S. Mail and Certified Mail, return receipt requested, to all parties and their counsel of record.

/s/ Leigh Ann Tognetti
Leigh Ann Tognetti