**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **ANGEL ADALBERTO ALANIS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:25-CV-00393** |
| | § | |
| **PABLO PEDROZA,** *et al.,* | § | |
| *Defendants.* | § | |

**DEFENDANT ALBERTO MORENO'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Alberto Moreno moves to dismiss the claims against him in the above-styled cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as for qualified immunity. In support thereof, Moreno respectfully offers the following:

## I.    STATEMENT OF THE CASE

Proceeding *pro se* and *in forma pauperis*, Plaintiff Angel Adalberto Alanis initially filed this lawsuit on August 8, 2025 against co-defendant DPS Trooper Pablo Pedroza. ECF No. 2. However, after amending his complaint once on September 8, 2025, Plaintiff filed a second amended complaint "as of right," on November 21, 2025 and named Supervisor Alberto Moreno as a Defendant. ECF No. 26. Then, on February 23, 2026, Plaintiff moved to supplement his complaint. ECF No. 45 ("Supp. Compl."). The Court granted his motion, and now, Plaintiff's supplemented complaint is the operative pleading.

Plaintiff brings claims pursuant 42 U.S.C. § 1983, alleging violations of his constitutional rights. Against Defendant Moreno, specifically, Plaintiff brings a Fourth Amendment "affirmative participation in false arrest" claim. Supp. Compl. at ¶ 224-233. Plaintiff articulates that he sues Moreno in his individual capacity, only. *Id.* at 11; *Id.* at ¶ 5. To address his alleged injuries, Plaintiff seeks a declaration of wrongdoing; compensatory damages; punitive damages; injunctive relief (1) "requiring

Defendants to correct all arrest records, investigative reports, and charging documents in their custody or control," (2) requiring Defendants to provide Plaintiff with certified copies of Court records for the present suit, (3) "requiring the Texas Department of Public Safety to flag Plaintiff's arrest record in all internal databases with the notation 'Arrest Based on Fabricated Evidence'"; and (4) prohibiting Moreno from "engaging in similar constitutional violations in the future, including fabricating evidence and affirmatively participating in or personally approving fabricated reports; and pre- and post-judgment interest; and attorney's fees and costs. *Id.* at ¶¶ 269-280.

## II.    STATEMENT OF PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations stem from a traffic stop that occurred, importantly, on January 20, 2023. Supp. Compl. at ¶ 11. Plaintiff alleges, among a variety of other claims, that he was falsely arrested under the Fourth Amendment. However, Plaintiff does not bring a Fourth Amendment false arrest claim against Moreno. Instead, Plaintiff alleges that Moreno, as a supervisor, "affirmatively participated in the violation of Plaintiff's Fourth Amendment rights," because he reviewed and signed the resulting arrest report. *Id.* at ¶ 226. Plaintiff concludes that, due to the alleged review and signing of the report, Moreno's role "was not passive supervision." *Id.* Plaintiff concludes that, by simply reviewing and signing the arrest report, which Plaintiff believes to contain "fabricated assertions," Moreno acted with "reckless disregard for the truth." *Id.* at ¶ 227.

Plaintiff also complains that Moreno had reason to know that the arrest report contained allegedly fabricated assertions, because he had personally reviewed "at least eight[1] substantially similar reports" over a span of 20 months.[2] *Id.* According to Plaintiff, it is a "statistical *impossibility*" that eight strangers arrested on different dates for separate criminal offenses displayed nervous behavior, and

---

[1] Plaintiff alternates between alleging Moreno approved "at least seven" other similar reports and "at least eight" other similar reports. *Compare* Supp. Compl. at ¶¶ 5, 73, 77 with ¶¶ 227, 228.

[2] Plaintiff claims that Moreno approved "at least eight reports" "between May 2021 and January 2023." He calculates this period of time to be "a thirteen-month period." Supp. Compl. at ¶ 228. However, the period of time between May 2021 and January 2023 is approximately 20 months, not 13 months.

that this would be reflected in separate arrest reports. *Id.* Plaintiff, therefore, deduces that Moreno knowingly participated in an alleged Fourth Amendment violation. *Id.* at ¶ 232.

### III.   LEGAL STANDARD

A court should grant a motion to dismiss pursuant to Federal Rule 12(b)(6) if the pleadings fail to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a court must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 4078 F.3d 690, 696 (5tth Cir. 2005). Importantly, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 285 (5th Cir. 1993). A complaint should thus be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 497 U.S. 69, 73 (1984).

This standard is further modified when a state official asserts qualified immunity. "Qualified immunity protects officers from suit unless their conduct violates a clearly established right." *Austin v. City of Pasadena*, 74 F.4th 312, 322 (5th Cir. 2023); *see Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Although it is an affirmative defense, individual capacity defendants may raise qualified immunity in a motion to dismiss for failure to state a claim. *See, e.g., Club Retro L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *Anderson v. Valdez*, 845 F.3d 580, 588–89 (5th Cir. 2016). Once a state official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does

not bar recovery. *Kovacic v. Villareal*, 628 F.3d 209, 211 (5th Cir. 2010). Thus, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Lebanc*, 691 F.3 645, 648 (5th Cir. 2012).

## IV.    ARGUMENT & AUTHORITIES

### A. Plaintiff's Fourth Amendment false arrest claims are barred by the statute of limitations.

Plaintiff indisputably filed the present action on August 8, 2025. ECF No. 2. Because Plaintiff failed to file his lawsuit within the requisite limitations period, his false arrest claims are time-barred.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). The Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). As a result, the Fifth Circuit has "recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995)). That said, "Federal law governs when a cause of action under § 1983 accrues." *Redburn v. City of Victoria*, 898 F.3d 486, (5th Cir. 2018) (citing *Piotrowski*, 51 F.3d at 516 n.10); *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under Federal law, a claim accrues and "[t]he limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Stringer v. Town of Jonesboro*, 986 F.3 502, 510 (5th Cir. 2021). Importantly, accrual occurs at such time "even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

4

"The 'statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.'" *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (quoting *Wallace*, 549 U.S. at 388). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (emphasis in original). Thus, for a false arrest or false imprisonment claim under the Fourth Amendment, the cause of action accrues when charges are filed, or when the plaintiff is arraigned or given a bond hearing. *Reed v. Edwards*, 487 F. App'x 904, 905–06 (5th Cir. 2012) (per curiam); *see Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023).

The docket for the Hidalgo County Justice of the Peace, Precinct 1-1, reveals that Plaintiff was bound over by Justice of the Peace Gilberto Saenz on January 21, 2023.[3] This demonstrates two things: first, that the arrest, assumed to be without legal process as asserted by the Plaintiff, was followed by legal process; and second, that because it was followed by legal process, Plaintiff's cause of action for false arrest would have accrued on January 21, 2023, not January 20, 2023—but still well over the two-year statute of limitations in any case.

Additionally, none of the exceptions to the statute of limitations asserted by Plaintiff are applicable in this case. Plaintiff provides three excuses for his failure to file within the requisite two-

---

[3] Moreno respectfully requests that the Court take judicial notice of Plaintiff's criminal proceedings as relevant to Plaintiff's claims. On a motion to dismiss, the Court "may also consider matters of which they may take judicial notice*," Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018–19 (5th Cir. 1996); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Specifically, the Court may take notice of documents filed, orders, and decisions entered in any Federal or State court of record because "the fact that a judicial action was taken is indisputable and therefore amenable to judicial notice. *Gray ex. rel. Rudd v. Beverly Eterns.–Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004). Therefore, Moreno respectfully requests that the Court take judicial notice of the following criminal proceedings involving Plaintiff: *The State of Texas v. Angel Adalberto Alaniz*, Cause No. CR-22-12280, County Court at Law #1 for Hidalgo County, Texas; *The State of Texas v. Angel Alanis*, CR-23-09932-A, County Court at Law #1 for Hidalgo County, Texas; *The State of Texas v. Angel Alanis*, CR-23-09933-A, County Court at Law #1 for Hidalgo County, Texas; *The State of Texas v. Angel Alanis*, CR-4587-23-H, 389th Judicial District Court of Hidalgo County, Texas; and *The State of Texas, County of Hidalgo v. Alanis, Angel Adalberto*, Cause No. A-1006-23-1, Justice of the Peace Pct. 1-1 of Hidalgo County, Texas.

year time period: fraudulent concealment; inability to discover despite diligence; and the discovery rule. Supp. Compl. at ¶¶ 161-184. These excuses are unpersuasive. Further, none of these excuses, as alleged by Plaintiff, offer any sort of explanation as to how the purported "affirmative participation in a false arrest" claim is tolled against Moreno. Therefore, the Court should dismiss Plaintiff's claim against Moreno as time-barred.

## B. Plaintiff is not entitled to injunctive relief.

Under *Ex parte Young*, 209 U.S. 123, 167-68, 28 S. Ct. 441, 52 L. Ed. 714 (1908), a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law. *Id.* at 167-68; *Air Evac EMS v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017). The exception rests on a legal fiction, the premise that a state official is "not the State for sovereign-immunity purposes" when "a federal court commands [him or her] to do nothing more than refrain from violating federal law." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 245, 255 (2011). For this exception to apply, "(1) [the] plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (citation modified).

As an initial matter, Plaintiff expressly sues Moreno in his individual capacity, only. Therefore, under *Ex parte Young*, Plaintiff is not entitled to injunctive relief. However, Plaintiff also fails to satisfy the other *Young* factors necessary to obtain injunctive relief.

Here, Plaintiff requests, generally, an order "requiring Defendants to correct all arrest records, investigative reports, and charging documents in their custody or control to reflect that: (a) the arrest was based on fabricated evidence; (b) the charges were dismissed; and (c) this Court found no probable cause existed for the arrest or prosecution" Supp. Compl. at ¶ 274. It is unclear whether Plaintiff requests this relief from Moreno, specifically; regardless, because this request seeks retroactive relief,

it is barred by sovereign immunity. *See Greer v. Collier*, 2023 U.S. Dist. LEXIS 90546, *15-16 (S.D. Tex. 2023); *See*, e.g., *Rhoades v. Martinez*, 560 F. Supp. 3d 1039, 1047 (S.D. Tex.) (a request for either declaratory or injunctive relief based on an alleged past violation of the plaintiff's federal rights seeks retroactive relief), *aff'd*, No. 21-70007, 2021 U.S. App. LEXIS 29115, 2021 WL 4434711 (5th Cir. Sept. 27, 2021).

Next, Plaintiff requests an order "requiring Defendants to provide Plaintiff with certified copies of (i) this Court's final judgment and declaratory relief; (ii) all dismissal records; and (iii) all findings and orders related to this case, to facilitate state-level expungement proceedings." Supp. Compl. at ¶ 274. This request is simply unnecessary. Regardless of how this action is resolved, because Plaintiff is a party to this action, Plaintiff will necessarily receive the documents that he is requesting from the Court.

Against Defendant Moreno, specifically, Plaintiff seeks an order "prohibiting Supervisor Alberto Moreno from engaging in similar constitutional violations in the future, including fabricating evidence and affirmatively participating in or personally approving fabricated reports." Supp. Compl. at ¶ 274. Again, Plaintiff explicitly does not sue Moreno in his official capacity, and therefore, cannot obtain this requested relief. However, Plaintiff also fails entirely to allege on ongoing violation of federal law. In fact, the state of his complaint seeks redress for alleged past wrongs. Accordingly, Plaintiff fails to show that he is entitled to injunctive relief, and this request should be denied.

Therefore, because Plaintiff does not sue Moreno in his official capacity, and because he fails to satisfy the other required *Young* factors, the Court should dismiss these claims.

**C. Plaintiff fails to allege a cognizable claim under § 1983.**

**a. Supervisory liability standard.**

As a prerequisite to a § 1983 claim, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the

constitutional violation alleged." *Roberts v. City of Shreveport*, 397 F.3d 287, 291-92 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)). It is well settled that "[t]here is no vicarious or *respondeat superior* liability of supervisors under § 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Id.* (quoting *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003); *see also Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). The Fifth Circuit has held that district courts "use the same standard in assessing an individual supervisor's liability under § 1983" as that used "in assessing a municipality's liability." *Doe v. Taylor ISD*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc). Supervisory liability under § 1983 requires a showing of the supervisor's "deliberate indifference" to the "known or obvious fact" that constitutional violations would be committed by subordinates based on the supervisor's action (or inaction), and this "generally requires that a plaintiff demonstrate at least a pattern of similar [constitutional] violations." *See Rios*, 444 F.3d at 427 (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics*, 379 F.3d 293, 309 (5th Cir. 2004)).

### b. Plaintiff fails to establish Moreno's supervisory liability under § 1983.

It is important to note that, in the present case, Plaintiff does not bring a Fourth Amendment false arrest claim against Moreno. Instead, he purports to bring an "affirmative participation in false arrest" claim. Supp. Compl. at ¶¶ 224-233. This purported claim is entirely based on Moreno's status as a supervisor.

Here, Plaintiff fails to establish supervisory liability under § 1983. In order to have succeeded on this claim, Plaintiff would have needed to show that Moreno was either personally involved in the alleged constitutional violation or that there was a sufficient causal connection between Moreno's conduct and the alleged violation. Plaintiff has shown neither. The sole factual allegation against

8

Moreno is that he "personally reviewed and signed the arrest report." Supp. Compl. at ¶ 226. Even taking this factual allegation as true, this is insufficient to establish supervisory liability. Indeed, other circuits have held that "personally reviewing" and merely "signing" an arrest report are insufficient to establish personal involvement or "sufficient causal connection," and therefore, insufficient to establish supervisory liability. *See Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993) (stating that "merely signing the police report absent actual knowledge of what took place is insufficient to establish a connection between [the officer] and the alleged deprivation of [the plaintiff's] constitutional rights."); *see also Lee v. Town of Estes Park*, 820 F.2d 1112, 1116 & n.3 (10th Cir. 1987) (finding no nexus between [officer's] action and [plaintiff's] claimed deprivation of federal rights when plaintiff's 1983 claim was based on the fact that the officer in a supervisory capacity read and initialed incident report.).

Plaintiff, additionally, fails to make any showing of that Moreno was deliberately indifferent to the "known or obvious fact" that constitutional violations would be committed by subordinates based on his actions or inactions. In a desperate attempt to establish some sort of pattern, Plaintiff claims that "between May 2021 and January 2023, Moreno approved at least sight arrest reports containing verbatim identical scripts for unrelated suspects arrested on different dates for different violations." Supp. Compl. at ¶ 227. In fact, Plaintiff claims that "eight strangers arrested on different dates for different violations could not have displayed identical behavioral patterns described in identical language." *Id.* Plaintiff deems it an anomaly—or in his words, a "statistical impossibility"— that, over a period of approximately 20 months, eight individuals could possibly be arrested and display "nervous" behavior, such as "swallowing" or "hand shuffling." *Id.* Plaintiff would have this Court believe that, over a period of approximately 20 months, eight separate arrest reports containing similar language ultimately would put a supervisor on notice that a narrative was "fabricated." This is an entirely unpersuasive argument. Plaintiff has, therefore, failed to demonstrate a pattern of similar constitutional violations. Even if the Court disagrees and finds that Plaintiff has established a pattern,

9

Plaintiff entirely fails to allege that Moreno was deliberately indifferent. Accordingly, the Court should dismiss Plaintiff's claim against Moreno, because Plaintiff has failed to establish supervisory liability under § 1983.

### c.   Plaintiff's misplaced reliance on *Hughes.*

Here, in support of his proposed "legal standard" for liability, Plaintiff relies on "*Hughes v. Garcia*, 97 F.4th 355, 363 (5th Cir. 2024)." Upon investigation of this case, Moreno noticed that Plaintiff's case citation is incorrect. Moreno, therefore, assumes that Plaintiff intends to rely on *Hughes v. Garcia*, 100 F.4th 611 (5th Cir. 2024). Moreno would also like to note that, upon reading the correct *Hughes*, there is no "moving force" language—which Plaintiff directly quotes—contained anywhere within the case. *See Hughes*, 100 F.4th 611, generally. Therefore, Moreno is unsure where Plaintiff obtained the so-called "legal standard" that he wishes the Court to adopt in the present case.

### D.  Moreno is entitled to qualified immunity.

Qualified immunity affords protection to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis is a two-step inquiry. "First, a court must decide whether a plaintiff's allegation, if true, establishes a violation of a clearly established right." *Hernandez ex rel Hernandez v. Tex. Dep't of Prot. & Reg. Servs.*, 380 F.3d 872, 879 (5th Cir. 2004). "Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident." *Id.* Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

Here, Moreno is plainly entitled to qualified immunity, because Plaintiff fails to satisfy either prong. First, there is no cognizable "affirmative participation in a false arrest" claim under the Fourth Amendment, and even if there was, Plaintiff's threadbare, conclusory allegations, even taken as true,

fail to establish a constitutional violation. Plaintiff's claim is that Moreno, as a supervisor, affirmatively participated in Plaintiff's false arrest, merely because he reviewed and signed an arrest report is insufficient to establish supervisory liability under § 1983 and insufficient to establish a cognizable Fourth Amendment claim. And even assuming that Plaintiff had alleged a viable claim under the Fourth Amendment, Plaintiff still fails to establish that Moreno's conduct was objectively unreasonable in light of clearly established law.

While Plaintiff concludes that "no reasonable official could believe it lawful to approve eight reports containing verbatim scripted narratives and physical impossibilities over thirteen months," and therefore, Moreno "knowingly violated the law," this conclusion is illogical. Additionally, this conclusion is insufficient to establish that Moreno's approval of the arrest report was objectively unreasonable in light of clearly established law. Therefore, the Court should dismiss Plaintiff's "affirmative participation in false arrest" claim, because Plaintiff has failed to overcome Moreno's qualified immunity.

## V.    CONCLUSION

For the foregoing reasons, Defendant Moreno prays that the Court dismiss Plaintiff's claims against him with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), as well as for qualified immunity.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

11

**BRIANA M. WEBB**
Division Chief
Law Enforcement Defense Division

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General
Attorney-in-Charge
Texas State Bar No. 24128875
Southern District Bar No. 3921742
Emily.Barnes@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9893 (Fax)

**ATTORNEYS FOR DEFENDANTS
PEDROZA & MORENO**

12

## CERTIFICATE OF SERVICE

I, **EMILY BARNES**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Alberto Moreno's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** has been served on all counsel of record via the Electronic Filing System and served via United States Mail, Certified Return Receipt Requested, within one business day of March 23, 2026, addressed to:

**Angel Adalberto Alanis**                    **CMRRR: 70200090000074511439**
1107 N. Bethel St.
Roma, Texas 78584
Phone: (956) 379-8874
Email: a4alaniz@gmail.com

**PLAINTIFF** *PRO SE*

/s/ *Emily Barnes*
**EMILY BARNES**
Assistant Attorney General

13